UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENNIECE DAVENPORT, | CIVIL ACTION |
| Plaintiff | |
| versus | NO. |
| SUN FINANCE COMPANY, L.L.C., d/b/a SUN FINANCE/OAK; and ABC | SECTION |
| INSURANCE COMPANY, | MAGISTRATE |
| Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT – JURY TRIAL REQUESTED**

NOW INTO COURT through undersigned counsel comes plaintiff, Glenniece Davenport, who asserts the following claims.

1.

This is an action for damages and declaratory relief arising from defendants' actions and failures to act as described below, which violate the Truth in Lending Act, 15 U.S.C. §§ 1601-1666 ("TILA") and Regulation Z.  TILA and its implementing regulations were enacted by Congress to encourage the informed use of credit by consumers and to enhance economic stabilization and strengthen competition among various financial institutions that extend credit to consumers.

**Jurisdiction and Venue**

2.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1635, and 15 U.S.C. § 1640.  Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.  Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred.

## Parties

3.

Plaintiff, Glenniece Davenport, is a resident of New Orleans, Louisiana.

4.

Defendant, Sun Finance Company, L.L.C., is a Louisiana limited liability company, doing business at all times relevant as "Sun Finance/Oak" (hereinafter "Sun Finance.")

5.

Sun Finance is a "creditor" as defined at 15 U.S.C. § 1602(f).

6.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of the defendant, which policy covers the claims made herein. ABC Insurance Company is liable in solido with defendant pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

## Facts

7.

Glenniece Davenport's home was ravaged by Hurricane Katrina. After receiving her property insurance proceeds, she paid off her existing mortgage in full. She attempted to complete repairs on her property with the remaining insurance money, but was victimized by contractors who took her funds without making the repairs. In 2007, she was living in a trailer on her property, the repairs still not completed, when she received an advertisement from Sun Finance Company.

**The 2007 loan**

8.

On or about May 16, 2007, Glenniece Davenport completed a loan application with Sun Finance, to obtain a home equity loan.

9.

On or about May 16, 2007, Glenniece Davenport executed a 5-year promissory note and mortgage in favor of Sun Finance.  The principal amount financed was $16,903.33.

10.

The contract rate of interest was 16.92 percent, with the stated APR at 16.99 percent.

11.

The interest rate exceeds by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity, and therefore the transaction falls under the rules governing high-cost loans under the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA").

12.

The 2007 loan violates HOEPA in several respects, including but not limited to:

a. Ms. Davenport was not given the disclosures required by 15 U.S.C. § 1639(a) at least three business days prior to the consummation of the transaction, as required by 15 U.S.C. § 1639(b)(1).

b. The promissory note contains a prepayment penalty prohibited by 15 U.S.C. § 1639(c).

c. The promissory note provides for an interest rate applicable after default that is higher than the interest rate that applies before default, in violation of 15 U.S.C. § 1639(d).

d. The promissory note provides that if the note is accelerated, the borrower shall receive a rebate of the finance charge pursuant to the rule of 78s, in violation of 15 U.S.C. § 1639(d).

13.

Under 15 U.S.C. § 1639(j), the inclusion of terms prohibited by HOEPA is deemed to be a failure to deliver the material disclosures required under Title 15, for purposes of rescission under 15 U.S.C. § 1635.

**The 2008 loan**

14.

On or about March 4, 2008, Glenniece Davenport completed an application with Sun Finance to refinance the existing loan.

15.

On or about March 20, 2008, Glenniece Davenport executed a 10-year promissory note and mortgage in favor of Sun Finance. The principal amount financed was $51,091.58.

16.

The contract rate of interest was 15.22 percent, with the stated APR at 15.50 percent.

17.

The interest rate exceeds by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity, and therefore the transaction falls under the rules governing high-cost loans under the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA").

18.

The 2008 loan violates HOEPA in several respects, including but not limited to:

a.  Ms. Davenport was not given the disclosures required by 15 U.S.C. § 1639(a) at least three business days prior to the consummation of the transaction, as required by 15 U.S.C. § 1639(b)(1).

b.  The promissory note contains a prepayment penalty prohibited by 15 U.S.C. § 1639(c).

c.  The promissory note provides for an interest rate applicable after default that is

4

    higher than the interest rate that applies before default, in violation of 15 U.S.C. § 1639(d).

  d.  The promissory note provides that if the note is accelerated, the borrower shall receive a rebate of the finance charge pursuant to the rule of 78s, in violation of 15 U.S.C. § 1639(d).

19.

Under 15 U.S.C. § 1639(j), the inclusion of terms prohibited by HOEPA is deemed to be a failure to deliver the material disclosures required under Title 15, for purposes of rescission under 15 U.S.C. § 1635.

## Rescission

20.

On November 18, 2009, Ms. Davenport through her attorney sent Sun Finance a written notice of her decision to rescind the loans under 15 U.S.C. §§ 1635 and 1639.

21.

Ms. Davenport's notice of rescission was timely under the extended three-year right of rescission provided by 15 U.S.C. § 1635(f) and Regulation Z, 12 C.F.R. § 226.23(a)(3).

22.

When a borrower exercises their right to rescind under 15 U.S.C. § 1635, any security interest becomes void by operation of law.  In addition, within 20 days after receipt of a notice of rescission, the creditor must return to the obligor any money or property paid by the obligor in connection with the loan.  Further, the creditor must take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.  15 U.S.C. § 1635(b); Reg. Z, 12 C.F.R. § 226.23(d)(1)-(2).

23.

Sun Finance failed to respond to Ms. Davenport's written notice of rescission, and failed to take any of the steps required by 15 U.S.C. § 1635(b) and Reg. Z.

24.

Sun Finance violated the Truth in Lending Act by failing to take the steps required by 15 U.S.C. § 1635(b) and Regulation Z upon notice of rescission.

25.

Plaintiff asserts all remedies available to her based on the facts pleaded herein, including but not limited to the remedies available under 15 U.S.C. § 1640(a) and other laws.

26.

Plaintiff demands an accounting of all transactions associated with her loan account, including but not limited to an itemization of all money received and disbursed, all credits and debits to the account balance, all insurance charged and placed, and all late fees, penalties, attorney fees, and all other items charged or demanded.

27.

As a result of defendants' actions and failures to act as described herein, plaintiff has suffered damages including but not limited to financial loss.

28.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in her favor and against the defendants and its insurers jointly, severally, and in solido, for relief including but not limited to:

(a) A judgment recognizing the validity of plaintiff's rescission of the loan transactions and the termination of the security interest;

(b) Return of any money or property given by the plaintiff in connection with the loan transactions;

(c) Statutory damages of $2,000 for disclosure violations;

(d) Statutory damages of $2,000 for failure to properly respond to plaintiff's

    rescission letter;

(e) Actual damages in an amount to be determined at trial;

(f) Costs and a reasonable attorney fee;

(g) All other appropriate relief.


Respectfully submitted,

/s/ Steve R. Conley
Steve R. Conley  (LSBA #21246)
321 N. Vermont Street, Suite 204
Covington, LA  70433
PH: 985-892-7222
FAX: 985-892-7075
steve@consumerlaw1.com